(C. D. 449)

F. F. G. Harper Co. *v.* United States

United States Customs Court, Third Division

(Decided March 12, 1941)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) and *Jordan & Klingaman* (*Edward F. Jordan* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Evans, Judge: This is an action brought by the plaintiff wherein it is claimed that the collector of customs at the port of San Francisco has unlawfully exacted a certain amount of duty upon an importation of dried egg yolk which entered that port from China. It is sought to recover the amount claimed to have been illegally exacted. The collector assessed duty at the rate of 18 cents per pound as dried egg yolk under the provisions of paragraph 713 of the Tariff Act of 1930. The importer claims that the merchandise is egg yolk, frozen or otherwise prepared or preserved, and that it is dutiable at 11 cents per pound under the same paragraph. The provisions of said paragraph, so far as applicable, in effect at the time of entry of this merchandise, read as follows:

* * * egg yolk, * * * frozen or otherwise prepared or preserved, and not specially provided for, whether or not sugar or other material is added, 11 cents

per pound, * * * dried egg yolk * * * whether or not sugar or other material is added, 18 cents per pound.

The case was submitted on the sole evidence of the following stipulation which was agreed to by the attorneys for the respective parties, to wit: .

It is hereby stipulated and agreed between counsel that the merchandise covered by the above-entitled protest, marked with an "A" and checked *GHG, George H. Godfrey*, on the invoice and assessed for duty at 18 cents per pound under paragraph 713, Tariff Act of 1930, consists of flake egg yolk the same in all material respects as the flake egg yolk the subject of *F. F. G. Harper & Co., Inc.*, v. *United States*, (Suit No. 4196) C. A. D. 53, and therein held dutiable at 18 cents per pound under paragraph 713 of said act as assessed; that the record in said C. A. D. 53 may be received in evidence and the protest submitted, the right to a docket call and to further amend being hereby waived.

It is further agreed that the protest may be limited to the items marked as indicated in the first paragraph of this stipulation, and abandoned as to all other claims.

* * * * * * *

The plaintiff's contentions, as set out in its brief, are as follows:

1. That refrigeration was the sole means of preservation of the merchandise involved, and that accordingly it was not "preserved" in the tariff sense; and

2. That, not being "preserved", it was not "dried", within the meaning of that term in paragraph 713, *supra*, in that "dried" as there used means preserved by drying.

The brief further states—

* * * This identical issue of law, and merchandise identical in all material respects to that involved in the instant case, were before this court and, on appeal, the Court of Customs and Patent Appeals in two prior cases.

that the merchandise is identical in all material respects is established by the stipulation quoted above. That litigation involving the question raised here has been given much consideration by the court whose duty it is to pass upon this question is found from the following recitals in the plaintiff's brief—

In the first of these prior cases *F. F. G. Harper & Co.* v. *United States*, T. D. 47461, this court overruled the protest and affirmed the action of the collector. On appeal the Court of Customs and Patent Appeals in *F. F. G. Harper & Co.* v. *United States*, (No. 3898), 23 C. C. P. A. (Customs) 177, affirmed the judgment of this court without passing upon the legal question raised because, in the opinion of the court, the factual proof was insufficient to enable it to decide that legal question.

In the second case further proof was submitted to meet the deficiency in the record. This court again overruled the protest and affirmed the action of the collector, *F. F. G. Harper & Co., Inc.* v. *United States*, T. D. 49633. On appeal the Court of Customs and Patent Appeals in *F. F. G. Harper & Co., Inc.* v, *United States*, C. A. D. 53, again affirmed the judgment of this court and found as matter of law that the term "dried" in a tariff sense, as applied to food products, was not limited to such products as had been "preserved" by drying.

It has been held that the rule of *res adjudicata* does not strictly adhere to customs litigation; that is, that it does not operate as an estoppel to prevent either one of the parties from litigating an issue notwithstanding that the identical issue has already been passed on judicially. *United States* v. *Stone & Downer Co.*, 274 U. S. 225. This rule was intended and does meet the varying and changing moods of business transactions with reference to imported merchandise. However, the importer has presented no authority, nor have we been able to find one, which would support this, an inferior tribunal, in disregarding the well-considered decision of the Court of Customs and Patent Appeals, even though a new case has been made involving the same question, where the only evidence presented consists of the record in the decided cases, and the argument presented fails to convince us that the appellate court reached an erroneous conclusion.

The burden of the present argument seems to be that the appellate court did not give proper consideration to the holding of the *United States* v. *Enbun Co.* case, 19 C. C. P. A. (Customs) 79, T. D. 45224. As we read the decision in *F. F. G. Harper & Co., Inc.* v. *United States*, 27 id. 9, C. A. D. 53, the court very clearly passed upon the identical issue and undoubtedly gave every consideration to the aforesaid case because it is cited in the very well-considered opinion promulgated over the signature of Jackson, J. Among other things contained in that decision, we quote the following:

\* \* \* The contention of appellants seeks to narrow the meaning of the term "dried" from its ordinary meaning and would have us hold that in a tariff sense it can only be applied to articles which have been preserved by drying. \* \* \*

The court further says that, "the form of the merchandise whether it be powder or flake or the condition in which the egg meats must be kept is entirely immaterial when, as the evidence discloses here, the articles have been subjected to a drying process." (Citing cases).

This court would appear bold indeed, if it undertook in the present case to render a decision contrary to the one last cited.

We may say, however, in passing that the plaintiff's counsel seems to give little consideration to the difference in the wording of the fish paragraph involved in the *Enbun* case, *supra*, and the wording of the paragraph in the instant case. The controversy in the last-named case was as to the relative specificity of the terms "dried fish" and fish "otherwise prepared or preserved." That case arose under the Tariff Act of 1922 and the respective paragraphs (718 and 720) contained no "not specially provided for" clause. In the instant case the paragraph under discussion provides for "egg yolk, \* \* \* frozen or otherwise prepared or preserved, *and not specially provided for*," at one rate, while dried egg yolk has been specially provided for in another group at a different rate. Dried egg yolk, having been

148

determined to be preserved egg yolk, is therefore excluded from the general provision for egg yolk preserved and not specially provided for.

We quote with approval the following statements found in the defendant's brief:

In the circumstances, the defendant urges that the Court should follow its former decision without any consideration of the case on its intrinsic merit. That this Court has the power to reach a different conclusion on the same record, we do not question. Judicial discretion is not absolutely controlled by the prior determinations of any appellate tribunal, nor, indeed, by any force save the sound judgment of those who exercise it. We do urge, however, that when this Court has before it a case containing only the facts of a decided case, and arguing only the legal propositions which have been heretofore presented, the former decision should be followed in the interest of justice and judicial precedent unless a palpable error would result from such action.

Technically, this case is a separate protest and the Court must decide it as such. Actually, it is a presentation of the records and briefs which were before the appellate tribunal in C. A. D. 53, with the request that this Court in substance review and reverse the judgment of that tribunal. The doctrine of *stare decisis* would require this Court to follow the former decision unless good cause be shown to the contrary. * * *

We therefore hold that the protest in the instant case should be overruled. It is so ordered.